NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-3792 & 11-3868
_____

REGINA S. BAILEY,
                    Appellant in 11-3792

v.

JOSEPH GIBBONS; TANYA WOOD; DAVID WATKINS, ESQ.;
KELLY BURTON ROCCO, ESQ.; PAT PRIANT; RUSSO REALTY;
THE CITY OF ENGLEWOOD; AN UNKNOWN POLICE WOMAN;
THORNTON WHITE, Englewood Police Office;
GONZALEZ, Englewood Police Officer;
BARRETT, Englewood Lieutenant;
2 UNKNOWN ENGLEWOOD POLICE OFFICERS

Kelly Burton Rocco, Esq.,
                    Appellant in 11-3868

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:09-cv-4119)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2012

Before: RENDELL, FUENTES, and CHAGARES, *Circuit Judges*

(Opinion Filed: January 3, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Plaintiff Regina Bailey, an elderly, disabled woman, was forced to sell her house in Englewood, New Jersey (the "Property"), in which she had resided for over twenty-five years, as a result of a contentious divorce.[1] In July of 2007, she hired attorney Kelly Rocco to represent her in connection with the sale. The Property was eventually purchased by defendants Joseph Gibbons and Tanya Wood. Under a sale escrow agreement, Bailey had until January 4, 2008 to remove her belongings from the Property.

On January 7, 2008, Gibbons visited the Property to take possession, but Bailey had not moved out. Bailey believed that the escrow agreement allowed her to stay in the Property as long as she paid a daily fee to Gibbons, so she called the police to deal with Gibbons. Police Officer Jamie Gilbert, not a party to this action, responded to the scene and told Gibbons she would need a court order to remove Bailey because Gibbons did not have the documents proving his ownership of the Property. Officer Gilbert later filed a report regarding the incident, but nothing further came from that encounter.

A few days later, Bailey was hospitalized for treatment of diabetes. Upon her return to the Property on January 14, 2008, Bailey saw that some of her belongings were in a trash bin outside the house and that movers were inside handling and breaking some of her other possessions. Still believing that the escrow agreement permitted her to be in

---

[1] The complete facts of this case are set forth in detail in the District Court's opinion. *See Bailey v. Gibbons*, Civ. Action No. 09-4119, 2011 WL 4056202, *1-3 (D.N.J. Sept. 12, 2011). We repeat only those necessary to our resolution of this appeal.

the Property, she entered the house to collect the remainder of her items. This prompted the movers to call Gibbons, who in turn called the police and rushed to the Property.

Englewood Officers Thornton White and Anthony Gonzalez responded to Gibbons' call and also arrived at the Property. There, Gibbons told them that he was the lawful owner and that Bailey was trespassing. Gibbons also claims he showed the officers his deed of ownership, but Bailey disputes this, contending that the deed of ownership was on that day at the county recorder's office. In the meantime, Bailey was walking around the Property, moving some of her possessions to a neighbor's lawn. For the most part, she ignored the police officers' questions and did not show them any documentation of ownership. Officer White summoned Lieutenant Kevin Barrett to the scene for help, but none of them succeeded in convincing Bailey to leave the Property.[2] Barrett asked Gibbons if he wanted to file a formal complaint against Bailey, and Gibbons said that he did. Barrett therefore instructed White to arrest Bailey, and White began to handcuff Bailey by placing her hands behind her back. Gibbons saw this and told the Officers he did not want Bailey arrested, at which point White released Bailey.

## I.

In January of 2009, Bailey filed suit in New Jersey state court asserting several state law claims. Relevant here are state law tort claims against the Englewood Defendants, as well as Bailey's malpractice claim against her former attorney Kelly Rocco, seeking to hold Rocco liable for the damage to Bailey's belongings as a result of

---

[2] Barrett, White, and Gonzales are referred to herein as the "Officers," and, together with the City of Englewood, New Jersey, as the "Englewood Defendants."

Rocco's allegedly negligent representation during the sale of the Property and in connection with the sale escrow agreement. The state court dismissed the claims against the Englewood Defendants for failure to file a notice of tort claim as required by state law. Thereafter, Bailey amended her complaint to include federal constitutional claims against the Englewood Defendants, including claims against the Officers for false arrest and false imprisonment, excessive force, and denial of substantive and procedural due process, and a *Monell* claim against Englewood. The case was removed to federal court.

After discovery, the District Court for the District of New Jersey granted summary judgment to the Englewood Defendants with respect to the federal constitutional claims against them, denied Bailey's cross-motions for summary judgment with respect to such claims, and refused to exercise supplemental jurisdiction over Bailey's state law claims.[3]

## II.

## A.

We review the District Court's grant of summary judgment *de novo*. *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 580-81 (3d Cir. 2009). In the context of a § 1983 action, we consider the applicability of qualified immunity. A police officer enjoys complete immunity from suit either if his actions did not violate a constitutional right, or if his actions did not violate clearly established law known to a reasonable person. *See Lamont v. New Jersey*, 637 F.3d 177, 182 (3d Cir. 2011).

---

[3] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331, and we have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.

The District Court held that the Officers were entitled to qualified immunity with respect to Bailey's false arrest and false imprisonment claims because they had probable cause to arrest her for trespassing, and thus did not violate any constitutional right. The Court reasoned that Gibbons' testimony that he was the owner of the Property and the fact that he showed the officers a property deed confirming his claim gave the Officers probable cause. Bailey asserts that there was a genuine issue of fact regarding whether the Officers could have seen Gibbons' deed to the Property.

But even assuming that the Officers mistakenly arrested Bailey solely on the basis of Gibbons' statements that he was the lawful owner, we cannot say that the Officers' conduct violated clearly established law. It is an open question in this Circuit whether an officer has probable cause to arrest an individual for trespassing when that individual is involved in a property ownership dispute based exclusively on the statements of the party asserting a contrary interest in the property. While one case in another Circuit implies that no probable cause can exist under such circumstances, *see, e.g.*, *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 310 (6th Cir. 2005), cases in our Circuit suggest that the testimony of a single complainant may be sufficient to give the police probable cause to arrest an individual for trespass, at least under certain circumstances, *see, e.g.*, *Wright v. City of Philadelphia*, 409 F.3d 595, 603-04 (3d Cir. 2005). In this light, we cannot say that a reasonable officer in the Officers' position would have known that they lacked probable cause to arrest Bailey solely on the basis of Gibbons' complaint.

Bailey points to other facts she contends precluded the Officers from having probable cause. She argues that the escrow agreement gave her the right to be at the

5

Property, and that therefore she could not have committed trespass. But whether Bailey actually was trespassing or not is not the relevant inquiry in determining whether the Officers had probable cause. *See id.* Bailey also argues that the police report regarding the prior incident between Bailey and Gibbons showed that she was the lawful owner and thus precluded the Officers from having probable cause, but offered no evidence that the Officers knew of the existence of the report.

With respect to her *Monell* claims, Bailey has not offered any evidence of an Englewood policy or custom that resulted in her injuries, as she is required to do. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Bailey's contention that Englewood did not investigate the complaint she filed against the Officers as a result of this incident falls well short of meeting that requirement.

We also conclude that summary judgment was proper with respect to Bailey's substantive due process claims. Having reviewed the record, and drawing all possible inferences in Bailey's favor, we cannot conclude that the Officers' behavior in this case "shocks the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Finally, we conclude that because it was proper to grant summary judgment to the Englewood Defendants with respect to the federal constitutional claims, it was proper to deny Bailey's motion for summary judgment with respect to those same claims.[4]

---

[4] Although Bailey does not appear to press on appeal her claims based on excessive force, violation of procedural due process, and conspiracy, we have reviewed the record and conclude that the District Court correctly granted summary judgment to the Englewood Defendants with respect to those claims.

6

**B.**

Also at issue in this case is an appeal by Bailey's former real estate attorney, Kelly Rocco. As noted, Bailey's complaint against Rocco was based on Rocco's representation in connection with the sale of the Property. However, after the close of fact discovery, Bailey submitted an expert report asserting that Rocco was also liable to Bailey for the loss of her state law claims against the Englewood Defendants because Rocco had allegedly failed to file a notice of claim as required by state law. *See* N.J. Stat. Ann. § 59:8-3, 59:8-8. Rocco promptly moved to amend her answer to assert a third-party claim against Bailey's attorney in the instant case, James Marks, arguing that it is he who is responsible for the failure to comply with the notice requirement, and, in the alternative, to disqualify him from representing Bailey because he was now a key witnesses with respect to Bailey's claims. A Magistrate Judge denied Rocco's motions, and Rocco moved the District Court for reconsideration. The District Court denied the motion, which Rocco appeals.

Rocco argues, *inter alia*, that it was improper for the District Court to retain jurisdiction over Bailey's state law claim against Rocco by denying Rocco's motion for reconsideration of the Magistrate Judge's orders. We agree. Rocco's procedural motions to bring Bailey's attorney into the case and disqualify him from representing Bailey may alter the substantive outcome of Bailey's state law claim against Rocco. Thus, in denying Rocco's motion to reconsider the Magistrate Judge's rulings denying those motions, the District Court exercised jurisdiction over that state law claim. However, when it dismissed Bailey's federal constitutional claims against the Englewood Defendants, the

District Court asserted that it "decline[d] to exercise supplemental jurisdiction over the remainder of Bailey's claims," *Bailey*, 2011 WL 4056202, at *1, and did not explicitly consider whether it was proper to retain jurisdiction over the state claim against Rocco by ruling on Rocco's motion for reconsideration. We review the District Court's retention of jurisdiction over state law claims for abuse of discretion, *see Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). We conclude that the District Court erred by implicitly retaining jurisdiction over the state law claims without considering the relevant factors as to whether it was proper to do so.

The factors relevant to whether it is proper to retain jurisdiction over pendent state law claims are, among others, the convenience and fairness to the parties. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). In this light, we conclude that it is not proper to retain jurisdiction over Bailey's malpractice claim against Rocco. As Rocco convincingly argues, discrepancies between the procedural rules of the New Jersey State Courts and those of the Federal Rules counsel in favor of having Rocco's procedural motions considered by the court that will ultimately adjudicate the substance of the dispute. Moreover, certain assertions raised by Rocco in her motions, including whether Bailey's attorney must be disqualified as a necessary witness under New Jersey Rules of Professional Conduct, turn on interpretation of New Jersey state law. These factors counsel against exercising supplemental jurisdiction over Bailey's state law claims against Rocco.

We trust that the preclusive effect under New Jersey's procedural rules, if any, of the Magistrate Judge's rulings on Rocco's motions will be properly considered by the

8

New Jersey State Court that adjudicates Rocco's motions, should she choose to renew them before that Court.

## III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment to the Englewood Defendants with respect to Bailey's federal constitutional claims against them, and vacate the District Court's order denying Rocco's motion to reconsider the Magistrate Judge's ruling.